## LURCH v. WILSON et al.

(Supreme Court, Appellate Term. February 5, 1909.)

INNKEEPERS (§ 13*)—LIEN—NOTICE OF OWNERSHIP.

    Under Laws 1905, p. 427, c. 206, giving a hotel keeper a lien unless he had notice when the property was brought upon the premises that it was not the guest's, notice to the hotel keeper after the property has been brought upon the premises will not defeat his lien for the amount then due.

    [Ed. Note.—For other cases, see Innkeepers, Cent. Dig. § 44; Dec. Dig. § 13.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Charles Lurch against Willard Wilson and another. From a judgment for plaintiff, and an order denying a new trial, Wilson appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

William Bondy, for appellant.

Henry A. Heiser, for respondent.

SEABURY, J. The defendant Wilson is the proprietor of the Hotel Remington in the borough of Manhattan. One Morgan resided at this hotel from April 20, 1908, to July 2, 1908. The defendant Morgan brought a piano into the premises, which piano is conceded to be the property of the plaintiff. The defendant Wilson retained possession of the piano under an alleged lien for $171.12, the amount due to him from the defendant Morgan for accommodations furnished to her. The value of the piano is $250, and its return was duly demanded by the plaintiff and refused by the defendant Wilson. The court below rendered judgment for $250 in favor of the plaintiff against the defendant Wilson, and from that judgment the defendant appeals to this court.

The only proof offered to show that Wilson had notice that the piano was not the property of Morgan was the testimony of a collector of the plaintiff that on May 26, 1908, he called at the hotel to collect the amount then due for the piano, and that he showed the defendant Wilson a copy of the contract under which the piano was delivered to Mrs. Morgan. Chapter 206, p. 427, of the Laws of 1905 provides, among other things, that: ·

. "If the keeper of such hotel, apartment hotel, inn, boarding or lodging house knew that the property brought upon his premises was not, when brought, legally in possession of such guest, boarder or lodger, or had notice that such property was not then the property of such guest, boarder or lodger, a lien thereon does not exist."

The evidence did not show that, when the piano was brought upon the premises, the defendant Wilson "had notice that such property was not then the property of such guest," etc. It was necessary to establish this fact to defeat the defendant's lien. The common law gave an innkeeper a lien upon goods owned by a third person in the rightful possession of a guest. Waters·& Co. v. Gerard, 189 N. Y. 302, 82 N. E. 143, 121 Am. St. Rep. 886. Under the statute (chapter 206, p. 427, Laws of 1905) "a keeper of a hotel, apartment hotel, inn, lodging or boarding house" is given a lien, which is subject to being defeated if the person asserting it (1) knew that the property brought upon his premises was not, when brought, legally in the possession of such guest, boarder or lodger, or (2) had notice that such property was not then the property of such guest, boarder, or lodger. When the piano was brought upon the defendant's premises, it was at that time concededly in the legal possession of Mrs. Morgan. Notice to the defendant, on May 26, 1908, that property brought upon his premises on April 20, 1908, belonged to a third person, is no evidence that the defendant had

notice that, when brought upon his premises, it was then the property of a third person. Certainly such notice could not defeat the defendant's claim for the amount due him which had accrued prior to such notice.

The judgment and order appealed from should be reversed, and a new trial ordered with costs to the appellant to abide the event. All concur.